## Case No. 9,649.

### The MISSISQUOI.

[8 Ben. 6.] [1]

District Court, E. D. New York.　Jan., 1875.

COLLISION—STEAMBOAT AND SMALL BOAT—RIGHT OF WAY—PLEADING.

1. A man in a small boat saw a steamboat approaching him, two or three hundred feet away. He alleged that the steamboat came on without slacking speed and struck his boat before he had time to get out of the way; and he filed a libel to recover for the damage to the boat. *Held*, that, on this libel, which conceded the obligation of the small boat to get out of the way of the steamboat, if she had time, the question was whether she did have time.

2. As the libel stated that the steamboat was two or three hundred feet away when she was seen, the small boat did have time to get out of the way, and the libel must be dismissed.

[Cited in The Bay Queen, 42 Fed. 272.]

In admiralty.

Beebe, Wilcox & Hobbs, for libellant.

Charles E. Crowell, for claimant.

BENEDICT, District Judge. This action is brought to recover for the destruction of a small boat which was crushed between a canal-boat, lying alongside the Columbia dock, and the propeller Missisquoi. The statement of the libel is, that the propeller was seen approaching when 200 or 300 feet distant, and then was hailed, but that she came on without slacking her speed and struck the small boat before the man in the boat had time to get the boat out of the way.

Upon this libel, which concedes the obligation of the small boat to get out of the way of the approaching tug, if given time to do so, the question is whether the libellant did have time to pull his boat out of the way of the propeller, after the propeller was seen by him to be approaching. The weight of the evidence is that he had such time. Indeed, this may be said to appear on the face of the libel, as it is quite manifest that a small boat with a man in it could be pulled the few feet necessary to take her out of the danger of being crushed between the boats, sooner than the propeller would move the 200 or 300 feet she is stated in the libel to have been distant, when seen and hailed by the libellant. The libel is dismissed with costs.

## Case No. 9,650.

### The MISSISSIPPI.

District Court, S. D. Florida.　1871.

SALVAGE.

[Libel in rem by Grayham I. Lester and others against the cargo and materials of the American steamship Mississippi.]

L. W. Bethel, for libelants.

S. R. Mallory, for respondent.

McKINNEY, District Judge. The allegation and proofs in this case having been fully heard and understood, and deliberation had, and the value of that portion of the cargo saved by the first set of salvors having been fixed at the sum of $175,000 by agreement of the parties, including the portion sold by the marshal for the sum of $27,662.28, for the purpose of determining the salvage thereon; and that a portion of said cargo saved by the second set of salvors has been sold by the marshal for the sum of $1,521.35, and the remainder thereof appraised under an order of court at the sum of $2,820.30, making in the aggregate the sum of $4,341.85,—

It is therefore ordered, adjudged, and decreed, that the libelants have and recover in full compensation for their salvage services, rendered to the cargo of the steamship Mississippi twenty per cent. of the net value of that portion saved by them, as set forth in their libel, to be ascertained, by deducting from the sum of one hundred and seventy five thousand dollars, the agreed value thereof, the proper proportion of the costs and expenses, of this suit, and other expenses properly chargeable thereon, to be taxed and allowed by the court; and that the petitioners John Lowe and others have and recover for their services fifty per cent. of the net value of that portion of the cargo saved by them, as set forth in their petition, to be ascertained in the same manner: the shares of the master and crew of the schooner Isabel to be forfeited for the use and benefit of the owners and insurers of the property.

[See Case No. 9,651.]